# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE GIEBASHVILI,<br><br>         Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>         Respondents. | Case No.: 25-cv-3432-BJC-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## BACKGROUND

Petitioner Luka Giebashvili, a citizen of Georgia, entered the United States on December 7, 2024, and was detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. 1-2 at 3.[1] He has remained in custody and is currently detained at the Otay Mesa Detention Center. *Id.* at 3. On May 29, 2025, an immigration judge found Petitioner removable, ordered him removed to Georgia, denied asylum and granted withholding of removal. ECF No. 1-3 at 2-4. Neither party appealed the decision. *Id.* at

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

1

25-cv-3432-BJC-VET

5; ECF No. 10-1 at 2. On June 20, 2025, ICE Enforcement and Removal Operations ("ERO") took steps to locate a third country for removal. *Id*. As of September 22, 2025, the governments of France, Spain, and Guatemala have declined requests to accept Petitioner. *Id*. at 2-3. ERO is continuing its efforts to find a third country for removal. *Id*. at 3.

On December 4, 2025, Petitioner filed the instant petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This Court set a briefing scheduled on December 12, 2025. ECF No. 6. Respondent filed a return to the petition on December 18, 2025, and Petitioner filed a traverse on December 22, 2025. ECF Nos. 10, 11.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner argues his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. ECF No 1 at 10-16. He further asserts due process requires he receive adequate notice and an opportunity to be heard prior to being removed to a third county. *Id*. at 16-19. Petitioner seeks an order for his immediate release and enjoining Respondents from re-detaining him (1) unless they obtain a travel document for his removal, (2) without following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and (3) unless they provide written notice, a meaningful opportunity to raise a fear-based claim for Convention Against Torture ("CAT") protection, and reopening, or providing him an opportunity to seek to reopen his immigration proceedings. *Id*. at 20. Respondents argue, in opposition, that they have worked expeditiously to effectuate Petitioner's

resettlement to a third country. ECF No. 10 at 4. They also argue the evidence does not support his concern that he will not receive adequate notice and an opportunity to be heard. *Id*.

**I. Petitioner's Detention**

Petitioner argues his detention is no longer presumptively reasonable, and there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Specifically, Petitioner contends more than six months have passed since his removal order became final. ECF No. 1 at 11. He further contends historical data, the fact he cannot be removed to his home country, and his circumstances of having no status in any other country support that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. at 13. Additionally, Petitioner maintains ICE has made no progress in removing him as it searches for a third county and any "good faith efforts" by ICE are insufficient to demonstrate removal is likely to occur in the reasonably foreseeable future. *Id*. at 14-15.

Respondents argue recent developments in international relations between the United States and several other countries have made ICE's removal of immigrants, like Petitioner, probable. ECF No. 10 at 3. Since Petitioner's order of removal, Respondents maintain ICE has worked as expeditiously as possible to effectuate his resettlement in a third country, and they believe there is a significant likelihood of removal to a third country in the reasonably foreseeable future. *Id*. at 4.

In reply, Petitioner argues Respondents offer no more than generalizations to support their contention that Petitioner's removal to a third country is probable. ECF No. 11 at 5. He contends no evidence shows he will be removed to a third country in the reasonably foreseeable future. *Id*.

Pursuant to § 1231, non-citizens subject to a final order of removal must be detained during the removal period. 8 U.S.C. § 1231(a)(1)(A). The removal period is the ninety days within which the Attorney General must remove an individual ordered removed. *Id*. The removal period begins on the latest of the following dates: "(i) [t]he date the order of

1 | removal becomes administratively final; (ii) [i]f the removal order is judicially reviewed
2 | and if a court orders a stay of the removal of the alien, the date of the court's final order;
3 | (iii) [i]f the alien is detained or confined (except under an immigration process), the date
4 | the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).
5 | Petitioner's removal period began on May 29, 2025, the date the of the immigration judge's
6 | order of removal and Petitioner's waiver of appeal. *See* ECF No. 1-3 at 2; *Riley v. Bondi*,
7 | 606 U.S. 259, 267 (2025) (citing 8 § 1101(a)(47)(B)) ("An order of removal becomes final
8 | at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2)
9 | 'the expiration of the period in which the alien is permitted to' petition the BIA for review
10 | of the order."). As of today, Petitioner has been detained more than six months, the
11 | presumptively reasonable period recognized by the Supreme Court in *Zadydas*. 533 U.S.
12 | at 701. If Petitioner demonstrates "there is no significant likelihood of removal in the
13 | reasonably foreseeable future," Respondents must rebut that showing for the detention to
14 | remain reasonable. *Id*.

15 | Petitioner cannot be removed to his country of origin. *See* ECF No. 1-3 at 2.
16 | Additionally, ICE sent requests to three governments seeking to remove Petitioner, and all
17 | three declined. ECF No. 10-1, Rodriguez Decl. ¶¶ 10, 12. ICE has identified no other
18 | country to which it has or will send a request. The Court finds Petitioner sufficiently
19 | demonstrates that his removal is not likely to occur in the reasonably foreseeable future.

20 | Respondents attempt to rebut this showing through their argument that international
21 | relations with several other countries make removal more probable and that they are
22 | working "expeditiously" to effect removal to a third country. However, Respondents'
23 | belief that Petitioner's removal is "more probable" does not overcome the fact there is no
24 | significant likelihood Petitioner will be removed in light of the three countries' declinations
25 | of ICE's requests. Furthermore, Respondents' "expeditious" work to effect Petitioner's
26 | removal does not demonstrate Petitioner's removal is likely to occur in the reasonably
27 | foreseeable future. *See Zadydas* 533 U.S. at 702 (Rejecting the argument that continued
28 | detention is lawful "as long as good faith efforts to effectuate deportation continue."). As

such, Respondents fail to rebut the presumption that Petitioner's removal is not likely to occur in the reasonably foreseeable future. Petitioner's ongoing detention is unreasonable and not authorized by statute. Petitioner, therefore, is entitled to release under *Zadvydas*.

**II. Process for Third-Country Removal**

Petitioner argues due process requires he receive notice and an opportunity to be heard before his deportation to a third country, and ICE's current policies, reflected in a July 9, 2025 memo, do not adhere to these requirements. ECF No. 1 at 16-18. Specifically, he contends, under the current policy, ICE need not give noncitizens any notice or opportunity to be heard prior to removing them to a country that has provided the State Department "credible assurances against persecution and torture." *Id*. at 18. Even if it has received no such assurances, ICE can remove the person with six to twenty-four hours' notice. *Id*. He argues due process requires he have an adequate opportunity to identify and raise threats to his health and life prior to removal to a third country. *Id*. at 19.

Respondents contend once a country is identified, ICE will provide Petitioner written notice, and if he claims a fear of removal, he will be referred to an asylum officer for processing fear-based claims. ECF No. 10 at 4. They further argue evidence supports "ICE will generally wait at least 24 hours following the notice of third country removal before executing it, and under no circumstances would removal be executed in less time than that without the noncitizen being provided 'reasonable means and opportunity to speak with an attorney prior to removal.'" *Id*. (citing Rodriguez Decl. ¶ 14, ECF No. 10-1).

According to the July 9, 2025 memo,

> If the United States has received diplomatic assurances from the country of removal that [noncitizens] removed from the United States will not be persecuted or tortured, and if the Department of State believes those assurances to be credible, the [noncitizen] may be removed without the need for further procedures. ICE will seek written confirmation from the Department of State that such diplomatic assurances were received and determined to be credible. HSI and ERO will be made aware of any such assurances. In all other cases, ICE must comply with the following procedures:

● An ERO officer will serve on the alien the attached Notice of Removal. The notice includes the intended country of removal and will be read to the alien in a language he or she understands.

● ERO will not affirmatively ask whether the alien is afraid of being removed to the country of removal.

● ERO will generally wait at least 24 hours following service of the Notice of Removal before effectuating removal. In exigent circumstances, ERO may execute a removal order six (6) or more hours after service of the Notice of Removal as long as the alien is provided reasonable means and opportunity to speak with an attorney prior to removal.

○ Any determination to execute a removal order under exigent circumstances less than 24 hours following service of the Notice of Removal must be approved by the DHS General Counsel, or the Principal Legal Advisor where the DHS General Counsel is not available.

● If the alien does not affirmatively state a fear of persecution or torture if removed to the country of removal listed on the Notice of Removal within 24 hours, ERO may proceed with removal to the country identified on the notice. ERO should check all systems for motions as close in time as possible to removal.

● If the alien does affirmatively state a fear if removed to the country of removal listed on the Notice of Removal, ERO will refer the case to U.S. Citizenship and Immigration Services (USCIS) for a screening for eligibility for protection under section 241(b)(3) of the INA and the Convention Against Torture (CAT). USCIS will generally screen the [noncitizen] within 24 hours of referral.

ECF No. 1-7 at 2-3.

Several courts within the Ninth Circuit have held the policies provided in the ICE memo are violate due process. *Lapshin v. Bondi*, No. C25-2245-KKE, 2026 WL 71407, at *5 (W.D. Wash. Jan. 9, 2026); *Elshourbagy v. Bondi*, No. 2:25-CV-02432-TL, 2025 WL 3718993, at *8 (W.D. Wash. Dec. 23, 2025); *Escobar v. Chestnut*, No. 1:25-CV-01801-DJC-EFB, 2025 WL 3687639, at *4 (E.D. Cal. Dec. 19, 2025); *Azzo v. Noem*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *7 (S.D. Cal. Dec. 10, 2025); *Vishal v.*

*Chestnut*, __ F.Supp.3d __, 2025 WL 3511815, at *6 (E.D. Cal. Dec. 8, 2025); *Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *6 (C.D. Cal. Sept. 26, 2025). This Court agrees. The memo suggests removal to a third country may occur without an opportunity to be heard if the United States receives and believes diplomatic assurances that there will be no persecution or torture. According to the Ninth Circuit, "last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x 724 (9th Cir. 2016). Additionally, when the third country does not provide such assurances, ERO "will not affirmatively ask whether the alien is afraid of being removed to that country." However, "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum. . .and for withholding of deportation to the country to which they will be deported violates" regulations and due process. *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) (citing *Kossov v. INS*, 132 F.3d 405, 408–09 (7th Cir.1998)).

Based on the foregoing, the Court ORDERS:

1. The petition for writ of habeas corpus is GRANTED.
2. Respondents shall immediately release Petitioner.
3. Respondents are ENJOINED from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal.
4. Respondents are ENJOINED from re-detaining Petitioner without first following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.
5. Respondents are ENJOINED from removing Petitioner to a third country unless they adhere to the following procedures:
    a. provide written notice to Petitioner, in a language he can understand and to his counsel;

      b. provide Petitioner a minimum of ten (10) days to raise a fear-based claim for CAT protection prior to removal;

      c. if Petitioner demonstrates reasonable fear of removal to the country, Respondents must move to reopen Petitioner's removal proceedings;

      d. if Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days for Petitioner to seek reopening of his immigration proceedings.

**IT IS SO ORDERED**.

Dated: January 15, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge